We'll hear argument now in the case of Boogaard v. National Hockey League. Mr. Eaton Good morning, Your Honors. Tim Eaton on behalf of the appellants. What this case boils down to initially, and I know there are several issues, but they are very interrelated, is who had the ability to bring this lawsuit? Well, actually, there's an antecedent issue, Mr. Eaton. Sure. You won't like the way I'm about to put this, but Mr. Eaton, I'm worried that you may be right. At an earlier stage of this case, you questioned the existence of federal subject matter jurisdiction. This case was removed on the theory that some claims, at least, were completely preempted. That is, they were disguised Section 301 claims. Yes. And you said that was wrong, lost in the district court, and the case has stayed in federal court. Come the Court of Appeals, no one has argued subject matter jurisdiction. But, Mr. Eaton, suppose you were right, and there is no complete preemption. Then this case doesn't belong in federal court, and it is the first duty of every court to make sure there is subject matter jurisdiction. So the parties have ignored this. Both sides have ignored the jurisdictional question, even though it was a contested question in this case. So, Mr. Eaton, are you right? Because if you are, we have to send this case back to state court. Your Honor, you're right. It was not addressed, secondly. It had to be addressed. Our rules require it to be addressed. The fact that both sides ignored their obligations doesn't mean we will ignore ours. We have to think about this. I don't mean to be arguing with you. I'm just saying it was not, which is true, and we perhaps should have. We had an obligation to do so. The way we saw it is that the district court had decided that the claims under the MLRA were preempted because they dealt with the collective bargaining agreement between the two parties. And so what we did was amend the complaint so that we had state law claims. And then the court exercised supplemental jurisdiction in its final judgment. But there is no supplemental jurisdiction unless there is at least one claim within original federal jurisdiction. That's the question I'm asking. Was there? Are you confessing error on your prior position? And if so, why? I'm not confessing error. What I would like to do, because Your Honor has made a very good point, as was the case similarly in the prior argument, if Your Honor would let us address this case separately in supplemental briefing, we'll be happy to do so. We will certainly be asking for supplemental briefing on this question. I will be happy to do it. May I proceed or do you have any other? No, please proceed. It's obvious that the parties aren't prepared to discuss this. Your Honor, what we believe the issues assuming supplemental jurisdiction, which is to be determined, is the fact that under Rule 17b-3 as to who can bring the lawsuit, is that the district court erred in first doing an Erie-type analysis before he did a Hannah v. Plummer analysis, which we believe he would have found then, had he done the right test, that there was capacity here and that under, he would have looked to Illinois law under 17b-3 and a personal representative would have been adequate to proceed with this lawsuit. Let me skip ahead and ask you a question about relation back. Let's assume that we disagree with you and we think it had to be a trustee. Yes. What would you do? Would you have to go back to Minnesota and would a Minnesota court at that point even be willing to appoint a trustee? Under Minnesota law, if we were in state court, they would say no under the Ortiz case, but what we would ask the district court to do and what he said would be futile, because he was interpreting Minnesota law on the issue, is that we would seek to have a trustee appointed. By who? District court? I think it would have to be by the Minnesota court. So the federal court would order the Minnesota court to appoint a trustee, which the Minnesota court wouldn't otherwise be willing to do? I'm not saying he would order, but I'm saying that we would go back and seek a trusteeship to be appointed because under 17a-3, had the test been applied properly, we believe that this relation back was certainly something that could be rationally classified as procedural and you don't look to state law to determine the issue under 17a-3. There have been several cases decided, one from the 10th Circuit, one from the 11th Circuit, where they have said that regardless of what the state court said with respect to a statute of limitations having run or any type of futility argument, that in the federal court, in applying 17a-3, can determine the test. First of all, is there a federal rule on point? And yes, there is in 17a-3. Second, can it be rationally classified as procedural? And we believe the answer is yes, it can be. And third, is it constitutional? And that issue hasn't even been raised. So under that test, under 17a-3, the district court could have said, I will allow you to seek a trustee. He did not, because he determined under the area analysis that the provision at point... Well, I understand that, but I just don't, I'm not seeing how you could even pursue getting a trustee at that point. Well, we would be, actually there's a similar provision under the rules in Minnesota with respect to cases that are brought in state court there. It's rule 17. They've modeled the federal procedure, and we would ask for a substitutional relationship back. And I think this would have been determined under the federal rules, and it would be allowed. And I think that they would respect that. I don't believe, I don't know whether the district court could himself appoint a trustee and still be within the realm of the Minnesota statute. We would look at that, but we're asking that it be sent back for that purpose. Because he didn't give us that opportunity. He said that you can't under Minnesota law because the statute of limitations had run. So we believe that had a proper 17a-3 analysis been done, that we would have been allowed to have a trustee pursue it. And going back briefly on it, because I know your question was premised on, if you didn't agree with us on the 17b-3, that I would just like to cover that briefly. We believe that he should have allowed the personal representative to go forth, because certainly when you're looking at who can bring the suit, that's an issue of capacity. And there is a federal rule directly on point, which is 17b-3. Well, there's another federal rule directly on point. It's 17a-1, which neither side has mentioned. 17a-1 says that a suit shall be brought in the name of the real party in interest. And as a matter of Minnesota law, a trustee is the real party in interest for a wrongful death action, even though the estate is the real party in interest for other purposes. Why isn't this case governed by Rule 17a-1? We believe that if you look at, and I will answer your question under 17a-3, that you look to... No, I asked about 17a-1. Yes, I understand. With respect to who can bring the suit, we would argue that the real party in interest has to look to the law, the form, and that would be Illinois law, which would allow personal representative. What basis do you have for that? That's actually a big difference between 17a-1 and 17b. 17b requires a reference to forum law for capacity to suit. Yes. 17a-1 just says real party in interest, and that sounds like a reference to the substantive law governing the action. When you're looking at the complex of law issue, the question is whether or not Minnesota or Illinois law would apply when it relates... That's a question independent of 17a-1. It may be that if Illinois law supplies the substance, this whole trusteeship business goes away, and then 17a-1 and 17a-3 and relation back, they're all irrelevant. You have to address the 17a-1 question independently on the assumption that Minnesota law governs who owns the claim. What I was trying to say did relate to 17a-1, which is that we believe that had the court done a proper complex analysis issue on the capacity... Yes, but then there's no problem under 17 at all. You have to assume, for purposes of my question, that Minnesota law governs substance. My question is, why isn't this a problem under 17a-1 about who is the real party in interest? It may not be, which is why we look to 17a-3. Do you have any reason? As to why 17a-1 does not apply to this case? Yes, as to why this is not a dispute about who is the real party in interest. Given the assumption that you asked me to make, is that Minnesota law would apply? No, to answer my question, you must indulge my assumption and the district court's holding... ...that Minnesota law determines that only a trustee can bring a wrongful death suit. Under those circumstances, then I believe 17a-1 would apply, and I also believe that we would have had the opportunity to substitute the trustee as a real party in interest under Rule 17. That's a 3. But I think in either event, the whole argument about Rule 17b just drops out. We are in the domain of Rule 17a, subsection 1, and maybe subsection 3. But subsection b just doesn't matter. Then I'll address Rule 17a. We believe that under 17a that there would have been no prohibition in allowing a substitution of the trustee... ...as the real party in interest to go forward with this lawsuit. Even though the statute of limitations had run, it was not brought to our attention until 2014 after we had filed our mental complaint. We believe that had the judge done a proper analysis under 17a, that we would have been allowed to substitute the real party in interest in this case. And then the next issue, which I want to address briefly... If you want to observe any time for rebuttal, this might be your time. Pardon me? If you want to reserve any time for rebuttal, this might be an appropriate time. Okay. So you can use your time as you wish. No, I understand. Yes, I will reserve my time for rebuttal. Okay. Thank you. Thank you, Mr. Eaton. Mr. Baumgarten. Good morning, your honors. I may please the court. My name is Joseph Baumgarten and I represent the appellees. Your honor, we did not substantively brief the issue of federal preemption, though we did note in our submission that the district court held on several occasions that there was federal jurisdiction. We didn't address it. Yes, and we need to have it addressed. It's not simply a jurisdictional issue hidden in the record. It's a jurisdictional issue that was actually contested in the district court. And then it just vanishes on appeal, notwithstanding the rule that we must decide it. We don't entirely like deciding issues without the party's help. We will if we must, but both sides are supposed to address jurisdictional issues. I understand that, your honor. I would just say that we did not brief the 301 issues because they were not raised on appeal. It doesn't matter whether a jurisdictional issue is not raised. It must be addressed, raised or not. That's what it means to call an issue one of subject matter jurisdiction. I understand that, Judge, and I would say that there hasn't been a serious dispute, and I don't think that there can be a serious dispute. As to the existence of subject matter jurisdiction. There was a serious dispute in the district court, and the district court didn't treat this as a frivolous subject. The district court devoted time and energy to it. Well, in its very first decision addressing the issue was the decision that denied the motion to remand. And Judge Feinerman actually, I think, found it very straightforward that there was federal jurisdiction because two of the counts, and they were the first two counts that the judge addressed substantively in the case, were the claims that were originally filed as counts, I think, three and four. And they remained in the subsequent iterations of the amended complaints. And those were the claims that the league had failed to fulfill its obligations under the substance abuse and behavioral health program. And the judge found, and ultimately there really wasn't a dispute, that the, it's referred to as the SABH, that the SABH was collectively bargained, and I think Judge Feinerman... Yes, but if a collective bargaining agreement establishes, say, health insurance as a benefit, any dispute about the health insurance arises under state law. Unless, of course, it's ERISA, and then we're in the world of ERISA. But things to which collective bargaining agreements refer are not automatically disputes about the meaning of the collective bargaining agreement. Anyway, this needs to be addressed by the parties. Otherwise, you know, if we must, we will do it on our own. But we will invite the parties to file supplemental memos within 14 days of argument. We'd be happy to do that, Your Honor. May I proceed on the matters that are before the court based on the briefs? We did address 17A1 in our brief, Your Honor. We discussed it at page 40 and 41. And we note there what you've addressed, Judge Easterbrook, which is that 17A1 is the applicable rule governing real party and interest. The real party and interest is the party who owns the legal right. And in this case, as has already been discussed, the legal right was owned by or would be owned by a trustee if a trustee were appointed. So 17B3 has nothing at all to do with the issue of who can bring a lawsuit here with respect to a personal representative versus a trustee. With respect to the issue of trustee and the absence of a trustee, I'd make the following points as we've briefed and as the Minnesota Supreme Court has indicated on multiple occasions. The absence of a trustee is dispositive. I think in one of the cases, the court referred to the issue as jurisdictional. In both cases, I believe the court has repeatedly said that an action that has been commenced by somebody other than a trustee is a legal nullity. And in cases even where the plaintiff was in fact subsequently appointed as a trustee, and there's no evidence that that ever happened here, even when there really was a trustee that was appointed after the fact, it wasn't held sufficient to relate back even though the Minnesota courts have their own analogs to Rules 15 and 17, which were invoked in the Ortiz case, and the court said you just can't do it on that basis. Can you address forfeiture? I'm sorry? Forfeiture. Because all of this, if they forfeited the arguments, if they failed to state claims on the merits, and they didn't contest that in the 12B6 motion, the district court said the claims would be forfeited, right? Correct. And there were a number of claims that were not addressed below. The plaintiff did not seek leave to replead, did not indicate that there was a trustee waiting in the wings. We had actually raised the trustee issue as far back as June of 2014 after the First Amendment complaint was permitted to be filed. Okay, but on forfeiture, they didn't respond to the merits arguments you made about failure to state a claim, right, under the Minnesota law. That's right, Judge. And so all of this other stuff, it's your position, goes away if their failure to respond is an independent basis for the district court's decision. That's right. I would say this just to be precise about it. The failure to respond that Judge Feinerman recited was a failure to respond to the argument that regardless of which state's law applied, that the complaint failed to state a claim because it wasn't plausible and it was an Iqbal argument. Which is another rationale for just dismissing the complaint. It's an alternative holding for dismissing the complaint. Judge Feinerman had clearly indicated that the league could move to dismiss the Second Amendment complaint based on any ground other than preemption, which he had ruled on at that point, and we did, and they didn't respond. And Judge Feinerman devoted, I think, two full pages in the substance of his opinion and came back to it again in his conclusion. And I think it's evident from Judge Feinerman's discussion and treatment of the issue that this was an alternative holding. He treated the failure to respond to it as a forfeiture of the argument. It wasn't clear at the time whether that was inadvertent or advertent. If it's inadvertent, it's a forfeiture. I believe if it's advertent, it's treated as a waiver. The net result is the same, and Judge Feinerman therefore found an alternative basis for dismissing the case on that basis. Unless there are other issues that Your Honors would like to discuss, including Judge Easterbrook, I'd be happy to discuss the 301 issue at length. I think we'll wait until we receive the supplemental memos.  Thank you very much, Mr. Baumgarten. Mr. Eden, anything further? I do want to respond to a couple of questions that were asked and correct the record if I misspoke. And one question you had asked, Judge Barrett, related to whether or not the district court could appoint a trustee, and the answer is yes. Under Subdivision 3 of the Minnesota Wrongful Death Act, it says where the case is pending. Now, assuming that's jurisdiction in the district court, the district court would be able to appoint a trustee, and that's covered under the Minnesota statute. I wanted to answer that question. Number two, with respect to your question on forfeiture, I just want to correct the record in a couple instances. First of all, there was a motion for leave to file a second amended complaint, which was fully briefed. And in our memo to the court with respect to that issue, and it was in the reply brief, we said plaintiff's motion to amend is not futile, addressing an issue that had been raised by the National Hockey League, as the plaintiff's second amended complaint adequately alleges facts. It's a state of claim for relief that is facially plausible, and then we go in to discuss the various issues with respect to both plausibility and preemption. In the district court, when it entered an order which allowed us to proceed with the second amended complaint, it said that the theory of tort that the NHL unreasonably harmed Bugard is viable under Illinois and Minnesota law, and not preempted by the LMRA. So when we were briefing their motion to reconsider on the preemption issue, as well as the merits, we had already had the plausibility issue raised, at least by us. The court used the word viability, I admit, not plausibility. But at that point, since the issue of who could bring the lawsuit was going to be, at that point, outcome determinative, we did not address it. We could not ask for leave after he'd entered the order, because at that point it would have been futile, because he'd already said the lawsuit couldn't be brought in the first place. So getting into issues of plausibility when he said that there was no trustee would have made that request futile. So for those reasons, we do not believe it was forfeited, because it was not raised plausibility with respect to the amended complaint after it was removed. It was raised with respect to the second amended complaint. We had only had one opportunity to address it, and we thought we did in the motion for leave to file a second amended complaint. So it boils down to one time. Thank you, Counselor. Thank you. The case is taken under advisement.